JAMES McKAY, APPELLANT, vs. WILLIAM LANE, APPELLEE.

1. Whether on the failure of a Judge to hold the term of Court at which a *sums. ad. resp.* is made returnable, it is nevertheless a term for pleading, and whether the defendant is bound to plead to the declaration filed at said term. *Qu.?*

2. Courts of Error will not consider an assignment of error which is presented as a mere abstraction, when the party has been in no degree damnified thereby; or, where the error, if it is one, is either corrected by the Judge himself, or is rendered harmless by the subsequent events of the trial.

3. The omission of a bill of particulars is not a proper ground of demurrer to the declaration.

4. The venue being correctly stated in the margin is sufficient, although a wrong venue be inserted in the body of the declaration.

5. A plea which is defective in the essential quality of certainty as to time, is bad on demurrer.

6. Objections to the admissibility of evidence must be made before it goes to the jury; it was therefore too late after an instrument of writing was read to the jury to object that its execution was not sufficiently proved.

7. The general rule No. 23, of the Reg. Gen. Jany. Term, 1847, had in view the

question of the costs of proving documentary evidence intended to be offered on the trial of a cause : it is not obligatory on either party to give notice of all the documentary evidence intended to be introduced.

8. In an action of assumpsit upon an express warranty of a chattel, the plaintiff may recover costs, charges, and interest on the principal sum paid as the consideration, although the contract of sale has not been rescinded, nor the property returned, nor any offer made to return it.

*James T. Magbee*, for appellant.

*O. B. Hart*, for appellee.

ANDERSON, C. J.:

This case is brought up by appeal from the Circuit Court for the County of Hillsborough.

The plaintiff in the Court below, William Lane, brought an action of assumpsit against McKay to recover from the defendant damages on account of the alleged unsoundness of a certain negro slave, which the plaintiff had bought from defendant under a warranty of soundness, and which slave afterwards died from disease alleged to have existed at the time of purchase.

The plaintiff also declared that he had been put to expense and charges in and about the taking care of the said negro.

Besides the special count setting out the purchase and warranty and unsoundness of the negro, the common money counts are in the declaration.

The nature of the other pleadings will be stated in our consideration of the assignment of errors.

There was a verdict and judgment for plaintiff for the sum of $692 40, from which judgment an appeal was taken.

The errors assigned are twelve in number, and so far as they are material to the proper adjustment of the rights of the litigant parties we shall consider them in their order.

The first and second errors assigned, though involving an interesting and important question of practice, we find upon an examination of the whole case, it is not necessary to decide ; for admitting that the Judge's ruling was erroneous, the appellant was not prejudiced, as we shall presently show.   As the point is of very general interest and application, and the case before us does not require its decision, we think it our duty to reserve it to a more favorable opportunity, when we may have access to more books than we can procure here, and thus have the benefit of fortifying, or of correcting, our present opinions.

The question as stated in the assignment is this, whether on the failure of a Judge to hold the term of Court at which a *summons ad respondendum* is made returnable, it is nevertheless a term for pleading, and whether the defendant is bound to plead to the declaration filed at said term.

Under the ruling of the Court upon this point, the defendant was obliged to withdraw a demurrer which he had filed to the declaration, and this he complains of as error ; but at a subsequent stage of the case, when he had pleaded to the declaration, the plaintiff demurred to one of his pleas, and thereby the defendant had the full benefit of his own demurrer to the declaration, upon the well settled rule of pleading that a demurrer at any stage of the pleading opens all the antecedent pleading.  1 Chitty, 707.

Under the authority of this rule, his Honor in the Court below, doubtless deemed it his duty to look into the sufficiency of the declaration, as the plaintiff had previously requested him to do ; and in like manner we shall consider ourselves as bound to give him the full benefit of his demurrer.   Thus as we have said, he is in nowise injured by the ruling of the Court in the point presented in his first and second assignment of errors.

The third error assigned is as follows :    The Court erred

in ruling the defendant to plead to plaintiff's declaration before the covenants and warranties upon which said declaration was based were filed in the cause.

We cannot find in the record any such ruling as is here stated. The Court, it is true, ruled the defendant to plead *instanter* to the declaration, as a condition of having a default opened ; but he had made no complaint (except in a demurrer which, as we shall see, was not the proper mode,) as to the omission of the particulars, or asked for an order to have them supplied. In an action of assumpsit, as this is, the warranty for the breach of which damages are demanded in the action, need not be filed, certainly not without an order first asked for and obtained.

The assignment is not in precise and correct terms, but so far as the actual ruling of the Court was, which is sought to be presented, we see no error. We shall consider further the subject of particulars at a subsequent point of this opinion.

It is assigned further for error, that the Court erred in ruling defendant to withdraw his demurrer to plaintiff's declaration, and plead thereto, there being no bill of particulars filed and there being no Court holden the preceding term.

As we have already seen, the defendant was subsequently to this ruling, admitted to all the benefits of his demurrer, and it has been our uniform practice and it is the practice of all revisory Courts, not to consider an assignment of error which is presented as a mere abstraction, when the party complaining of it has been in no degree damnified, and where the error, if it is one, is either corrected by the Judge himself, or is rendered harmless by the subsequent events of the trial, as in the case before us. We decline, therefore, the further consideration of this al-

leged error, and pass on to those having a practical bearing on the case.

It is alleged in the fifth assignment of error, that the Court erred in its ruling whereby it decided that plaintiff's declaration was good, and defendant's third plea bad.

Our consideration of this assignment will involve, as we have already intimated, an inquiry into the merits of the defendant's demurrer. The demurrer alleged that the declaration is not sufficient in law, first, because no bill of particulars was filed with the declaration.

The omission of a bill of particulars is not a proper subject of demurrer, as must be obvious from a moment's consideration of the object and effect of this form of pleading. A defendant may move for an order requiring a bill of particulars, and on proof of such order the plaintiff will either be stayed in his proceedings until the bill is furnished or subjected to other penalties appropriate to his default.

It is said secondly, that the declaration is not sufficient because the general conclusion is informal and insufficient.

In what particulars it is supposed to be so, we are not informed, and we perceive nothing on examination to warrant the allegation.

It is said thirdly, to be insufficient, because no specific indebtedness is stated in the counts for money paid, and money had and received, on the part of defendant.

These counts are connected by the copulative conjunction with the one immediately preceding, in which the indebtedness of the defendant to the plaintiff is stated specifically to be the sum of one thousand dollars, and the use of the words " and for so much money," have direct reference to the sum stated, and are in accordance with the most accustomed forms.

The same remark applies to the fourth point in the demurrer.

The defect alleged, fifthly, to wit: that it was not stated that the slave had not been tendered back to defendant, is not sustained by any authority or principle. The allegation was not necessary in this form of action. The count is no otherwise vague and indefinite than arose from the omission of the bill of particulars, which omission might have been supplied as we have stated, upon the motion of the defendant.

It is stated, sixthly, that the venue of the first count is laid at Key West, and not in Hillsborough County.

It is true that in the body of the declaration the venue is laid in Key West, with the addition of Monroe County, but the venue in the margin is correctly stated to be Hillsborough County, and this we hold to be sufficient.

"Such venue in the margin will aid, but not prejudice, " and in civil cases, if the name of a place only, and no " County or a wrong County be stated in the body of the " declaration, it will suffice, because the place is always " construed to refer to the County in the margin, although " another County has been mentioned." 1 Ch. Pl., 305, See also Reg. Gen., Jan. Term, 1847, § 2, Rule 3.

The last point in the demurrer is untenable.

The consideration referred to as set out in the second and fourth counts, and which is said not to be sufficient, is stated in the following words: " In consideration that the said plaintiff at the request, &c., had then and there bought of the defendant two certain negro slaves at and for a certain price or sum of money, then and there agreed upon, &c."

Why this is not regarded as a sufficient consideration to support the subsequent promise and undertaking, we are at a loss to understand.

It was an executed consideration, and therefore did not require to be stated with the same particularity as to quan-

35

tity and value as is required in stating executory considerations—the allegation of a past consideration being but matter of inducement, and as such, not in itself traversable. 1 Ch. 323. The objection to the declaration on this ground is not well taken.

The Court correctly ruled that the third plea of the defendant was bad. The simple allegation that the slave Monday was sound, was no sufficient reply. The plea is defective in the essential quality of certainty as to time. The complaint is, that the negro was unsound at a particular time, namely, at the time of the purchase—it is no defence to say that the negro was sound, without saying further that he was sound at the time of purchase.

Having thus disposed of the questions presented by the respective demurrers, we resume the consideration of the assignment of errors.

It is assigned in the sixth place as error, that the Court erred in admitting certain testimony. Had the objection been made to the reading of the bill of sale at the proper time, it should not have been allowed to go to the jury without further and other proof of its execution—but such was not the case. No sufficient objection was made till the bill was read to the jury, and it is well settled, that objections not urged before the Judge below permits evidence to go to the jury, cannot be assigned in this Court as error.

The decree and answer in the equity suit were rightfully admitted. A judgment or decree in a controversy between the same parties, is the highest species of evidence, and the admissions of a party in an answer in Chancery are scarcely less conclusive as evidence against him. The objection to their introduction, founded on the 23d rule of the Rules of Practice, assumes that the rule was designed for a purpose different from its real object, which had in

view only, the question of the costs of proving certain documents. The admissibility of the evidence is a totally distinct question, and can admit of no doubt.

The 7th, 8th and 9th assignments refer to the same point already discussed.

The objections to the reading of the bill of sale came too late.

The qualification made by the Judge to the instruction asked in relation to the bill in Chancery was altogether proper. The effect and weight of evidence is exclusively and appropriately within the province of the jury, as stated by his Honor. The tenth assignment therefore is not sustained.

The error assigned in the eleventh place, is, that the Court erred in ruling out the evidence of Bradley and others. The question to which this testimony had relation, was the soundness or unsoundness of the negro at the time of the sale. The witnesses excluded were called to show his soundness three weeks before and previous to that time. The testimony was clearly admissible upon the general rule which we quote from 1 Starkie on Ev., 17, that " all " facts and circumstances upon which any reasonable pre- " sumption or inference can be founded as to the truth or " falsity of the issue or disputed fact, are admissible evidence."

The fact that the slave was sound three weeks before the sale and for a long time previous thereto, was certainly calculated to raise a reasonable presumption of his soundness at the time of sale, and being so, was, under the rule we have quoted, admissible evidence.

We think that the ruling of the Judge excluding it was erroneous.

But the error was unimportant, for there was abundant evidence before the jury of the actual condition of the ne-

gro at and about the time of the sale, and it is impossible to conceive that the admission of Bradley's testimony, presumptive in its character as it confessedly is, could have had any weight with the jury in opposition to the testimony of a medical gentleman having the facilities for forming a correct opinion, which we find from the record that Dr. Peachy had.

This Court has uniformly proceeded upon the practice not to reverse a judgment, however erroneously an isolated point may have been ruled by the Judge below, when it is clearly apparent that the party complaining has been in no degree injured by the improper ruling. This is clearly so in the case before us, and for this reason we do not sustain the assignment of error of which we have just been speaking, notwithstanding it is abstractly well made.

It is alleged lastly, for error, that the Court erred in instructing the jury that they might give costs, charges, and interest, inasmuch as the contract had not been rescinded, nor the negro returned, and no offer to return him made.

The objection here raised might apply to some forms of action, but not to the present one. This is an action of assumpsit which may be properly brought as it here is, upon an express warranty of the soundness of a personal chattel, and the judgment in this species of action, if in favor of the plaintiff, is, that he recover *damages* by him sustained by reason of the defendant's nonperformance of his promises and undertakings. Costs, charges and interest come properly under the denomination of damages, and we know of no principle of law which excludes them as proper objects of consideration with the jury while determining the *quantum* of damages sustained by the plaintiff.

Upon a review of the whole case, we can discover no adequate reason for interfering with the judgment of the

Court, and we shall therefore direct the judgment to be affirmed.

*Per curiam.* Judgment affirmed with costs.