JOHN D. SIMS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Where no objection is made at the trial to the admission of evidence, it is considered as received by consent and objections if any to the evidence are waived, and the appellate court will not ordinarily consider an assignment of error based on the admissibility under the rules of legal procedure of the evidence so admitted without objection.

2. General objections to the admission of evidence, without stating any grounds of objection, will not avail unless the evidence is not admissible under any circumstances.

3. Where objections to the admission of evidence at a trial are stated to be upon, and are confined to, particular grounds, no other ground of objection will ordinarily be considered by the appellate court; and if the particular grounds of objection are not well taken under the circumstances of the case,

an assignment of error based thereon will be unavailing, particularly where it appears from the record that no harm could have resulted from the admission of the evidence.

4. In a criminal prosecution for embezzlement where a certified copy of a verdict and judgment in civil case against the defendant and others for the property was admitted in evidence over the specific objection of the defendant that there is no proof that the defendant "was ever served with process or had his day in court," and defendant "asked that the whole record be introduced for the purpose of showing that the court struck the pleas in the civil suit," the reception of such evidence is not erroneous on the ground of objection urged against it, since if a plea was filed in the cause it, to that extent, gave the defendant his day in court, and the judgment introduced recites that defendants were represented by counsel. If the striking of the pleas rendered the subsequent proceedings in the civil action illegal it is immaterial as the introduction of the verdict and judgment was to show their existence, not their validity. There being no general or appropriate specific objection to the admission in evidence of the verdict and judgment in the civil action, and an exception to the ruling thereon, an assignment of error based on the inappropriate specific objection made cannot avail the plaintiff in error, particularly when the offense charged is fully proven and the verdict and judgment in the civil action were merely cumulative evidence.

5. A portion of a charge that "the defendant is entitled to every reasonable doubt arising from the evidence, or from the lack of evidence in the case; a reasonable doubt being such a doubt as a reasonable man would entertain, not a mere possible or speculative doubt," is not erroneous when taken with other portions of the charge that correctly state the law.

6. In a prosecution for embezzlement as a public officer under the statute it is not essential that a verdict of guilty should state the amount embezzled.

This case was decided by Division A.

Writ of Error to the Circuit Court for Pasco County.

The facts in the case are stated in the opinion of the court.

*Geo. W. Dayton* and *Davis & Hampton,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—The plaintiff in error was convicted of embezzlement as a public officer in the circuit court for Pasco county and took writ of error.

At the trial the state offered in evidence a certified copy of the verdict and judgment in the case of N. B. Broward, as governor of the state of Florida, plaintiff, vs. John D. Sims and others, defendants, wherein the plaintiff recovered of the defendants, a judgment in a civil action at law. Counsel for the defendant objected to the introduction of the verdict and judgment in evidence "on the ground that there is no proof that John D. Sims was ever served with process or had his day in court, and asked that the whole record be introduced for the purpose of showing that the court struck the pleas in the civil suit." The objection was overruled, the verdict and judgment were admitted in evidence, the defendant excepted and assigns the ruling as error.

It is urged that the admission of the verdict and judgment in a civil action in this criminal prosecution "was fundamentally wrong and against every rule of evidence in criminal cases." In support of this counsel cites State v. Bradnack, 69 Conn. 212, 37 Atl. Rep. 492, 43 L. R. A. 620; Black on Judgments, Par. 592; People v. Beevers, 99 Cal. 286, 33 Pac. Rep. 844; Britton v. State, 77 Ala. 202.

It does not appear that a general objection was made to the admission in evidence of the verdict and judgment

in the civil action. The objection was specifically confined to the ground stated above.

Where no objection is made at the trial to the admission of evidence, it is considered as received by consent and objections if any to the evidence are waived, and the appellate court will not ordinarily consider an assignment of error based on the inadmissibility under the rules of legal procedure of the evidence so admitted without objection. See Purdy v. State, 43 Fla. 538, 31 South. Rep. 229; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Tuten v. Gazan, 18 Fla. 751.

General objections to the admission of evidence, without stating any grounds of objection, will not avail unless the evidence is not admissible under any circumstances. Kirby v. State, 44 Fla. 81, 32 South. Rep. 836; Williams v. State, 45 Fla. 128, 34 South. Rep. 279; Thomas v. Williamson, 51 Fla. 332, 40 South. Rep. 831.

Appellate courts will review only the objections made in the trial court to the admission of evidence. No other objections will be considered. Brown v. State, 46 Fla. 159, 35 South. Rep. 82; Hoodless v. Jernigan, *supra.*

When objection to the admission of evidence is limited to a particular ground, objections on other grounds are thereby waived. 8 Ency. Pl. & Pr., 226; Elliott v. Howison, 146 Ala. 568, 40 South. Rep. 1018.

Where objections to the admission of evidence at a trial are stated to be upon, and are confined to, particular grounds, no other ground of objection will ordinarily be considered by the appellate court; and if the particular grounds of objection are not well taken under the circumstances of the case, an assignment of error based thereon will be unavailing, particularly where it appears from the record that no harm could have re-

sulted from the admission of the evidence. Kirby v. State, 44 Fla. 81, 32 South. Rep. 836; Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52; Pittman v, State, 51 Fla. 94, 41 South. Rep. 385; Jacksonville, M. P. Ry. & Nav. Co. v. Warriner, 35 Fla. 197, 16 South. Rep. 898.

Before the objection to the admission in evidence of the verdict and judgment in the civil action was made the defendant had without success attempted on the cross-examination of state witnesses to show that at a prior term of the court "the state of Florida sued the bondsmen of J. D. Sims to recover the amount of John D. Sims' supposed defalcation."

In making the single objection to the admission in evidence of the verdict and judgment in the civil action it was stated that the pleas in the civil action had been stricken by the court, thus showing that pleas had been filed in the cause, which to that extent gave the defendants who joined in the pleas their day in court. It was not stated that the pleas stricken were not joined in by the defendant Sims. The judgment introduced in evidence after reciting the "defendants being represented by counsel" adjudges a recovery against John D. Sims and others. The specific objection to the introduction of the verdict and judgment in evidence being the absence of proof that Sims had had his day in court cannot avail the defendant since the objection showed pleas had been filed by the defendants and the judgment showed the defendants were represented by counsel and that Sims was one of the defendants, thus making a showing that the defendant had his day in court. If the striking of the pleas rendered the subsequent proceedings in the civil action illegal it is of no consequence here, since the introduction of the verdict and judgment was to show their existence, not their

validity.   In the absence of a general or an appropriate specific objection to the admission in evidence of the verdict and judgment in the civil action, and exception to the ruling thereon, the assignment of error, under the circumstances of this case, is not well taken.   The defendant introduced no evidence, and the charge is fully made out.   The verdict and judgment in the civil action were merely cumulative evidence.   Jacksonville, M. P. Ry. & Nav. Co. v. Warriner, *supra.*   Under the evidence the jury could have legally found no other verdict than guilty, therefore the defendant is not harmed by his failure to more appropriately object to the introduction in evidence of the verdict and judgment in the civil action.   See Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52; 8 Current Law 1.

Among the charges given by the court to the jury were the following: "The defendant is entitled to every reasonable doubt arising from the evidence, or from the lack of evidence in the case. A reasonable doubt being such a doubt as a reasonable man would entertain, not a mere possible or speculative doubt, and it must arise from the evidence or lack of evidence in the case, and from nothing else." "You are the judges of the weight and sufficiency of the evidence, and of the credibility of the witnesses." "If, after carefully weighing and considering all the facts and circumstances testified to, you have a reasonable doubt of the guilt of the defendant, it will be your duty to give him the benefit of the doubt and acquit him."

Exception was taken to, and error is assigned on, the following portion of the above charges: "The defendant is entitled to every reasonable doubt arising from the evidence, or from the lack of evidence in the case. A reasonable doubt being such a doubt as a reasonable man would entertain, not a mere possible or

speculative doubt." It is argued that this charge is erroneous because it requires the doubt to be sufficient to satisfy a reasonable man when only a reasonable doubt is required. When the entire charge is considered it is not erroneous. See Lovett v. State, 30 Fla. 142, 11 South. Rep. 550; Woodruff v. State, 31 Fla. 320, 12 South. Rep. 653; Dempsey v. State,    Ark..    , 102 S. W. Rep. 704. In the case of Wood v. State, 31 Fla. 221, 12 South. Rep. 539, referred to by counsel for the plaintiff in error the definition of a reasonable doubt held to be erroneous was, "a reasonable doubt is one that must satisfy a reasonable mind," etc. The difference between that charge and the one in this case is apparent.

It is contended that the duty devolved upon the jury to find the amount of the embezzlement, since the statute provides as a penalty "imprisonment in the state prison not exceeding twenty years, and * * * a fine equal to the value of the money," etc., embezzled. The guilt or innocence of the accused, a public officer, under the statute applicable to this case, does not depend on the particular amount or the value of property embezzled. The verdict in this case was: "We the jury find the defendant, John D. Sims, guilty as charged in the indictment. So say we all." The indictment to which a plea of not guilty was entered charges the embezzlement of money by a public officer of stated value and amount. The verdict finds the defendant guilty as charged in the indictment. No more than this is required by law. The judgment is quite informal, and it does not fully comply with the statute. Section 3317 Gen. Stats. of 1906. This renders the judgment not void but irregular. The plaintiff in error is not harmed by the failure of the judgment to require of him a fine in addition to a sentence of imprisonment to the state prison, as is authorized by the statute. If the plaintiff in error may be heard to complain of this error in his favor, there

is no assignment of error based thereon. The state is not asking any relief from the omission of a fine from the judgment.

Let the judgment be affirmed.

SHACKLEFORD, C. J., and COCKRELL, JJ., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.