E. G. SPENCER, *Appellant,* v. S. C. DELL, *Appellee.*

A bill was filed to foreclose a mortgage made to secure a note both dated 19th of February, 1906, given for advances made in 1905, and 1906. The mortgage, however, describes the note as dated 19th of February, 1896. The answer, without specifically referring to this discrepancy, denies that the defendant ever made a mortgage to secure the payment of said note. On final hearing objections were made that the mortgage and note exhibited in evidence were not the note and mortgage sued on and attached to the bill. The specific variance in the dates was not called to the attention of the circuit judge. The evidence showed that the note and mortgage exhibited in evidence were executed at the same time, and the mortgage was given to secure this note. *Held,* that it is too late for the defendant to insist upon this incorrect description in the mortgage of the date of note, on appeal, in this court, for the first time.

This case was decided by Division B.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Horatio Davis* and *Evans Haile,* for appellant;

*Chris Matheson,* for appellee.

HOCKER, J.—On October 25th, 1906, the appellee filed a bill in the circuit court of Alachua county against the appellant to foreclose a mortgage. The bill alleged that on the 19th of February, 1906, the defendant Spencer being indebted to Dell and Jordan, a firm composed of S. C. Dell and J. B. Jordan in the sum of $125 executed his promissory note for the same due the 1st of October, 1906, with 10 per cent. interest, a copy of which note is made a part of the bill; that on the same day, *viz*: February 19th, 1906, to secure the payment of the above mentioned note, the defendant Spencer by chattel mortgage conveyed to "your orator," the property in said Alachua county, which is described as the crops of whatever species now growing or which may be hereafter planted, grown or gathered by him in Alachua county, and also one bay mare named Maud and one one-horse wagon. The bill alleges that the mortgage was recorded in the clerk's office of Alachua county on March 28th, 1906. The bill further alleges that the firm of Dell and Jordan was dissolved on the 16th of October, 1906, and that Jordan sold and assigned all his interest in the aforesaid note and mortgage to Dell, and that the latter is the exclusive owner of the same; that no part of the principal and interest has been paid; that a solicitor's fee is due. The bill prays for an accounting and for special and general relief. The mortgage is attached to the bill as a part thereof.

The defendant Spencer answered the bill, admitting the execution of the note—denying that "he ever made a mortgage to secure the payment of said note as stated in the bill," that he knows nothing of the dissolution of the firm of Dell and Jordan, and the transfer of the note and mortgage to Dell; denies that no part of the note has been paid, and that there remains due $125, with interest and attorney's fees, and alleges that as to the crops mentioned in the bill and mortgage there is no equity in the bill.

Replication was filed and testimony taken by the complainant. Interrogatories propounded to Minnie Marcionny (nee Thigpen) numbered from one to eight, with her answers thereto were offered in evidence with exhibits. The defendant objected to these because they were irrelevant and immaterial.

S. C. Dell, the complainant, testified in substance, that he was the complainant; that he knew E. G. Spencer, the defendant; that the note and mortgage were given for advances made in 1905 and 1906; that he was then in partnership with J. B. Jordan; that he bought his interest October 16, 1906, and took a transfer of it. Dell identifies the note and mortgage sued on. He was then asked to examine the same and state whether it is the note made by Spencer and referred to in the witness' testimony. This was objected to as immaterial and irrelevant. The witness then says that Spencer executed no other papers; that the note and the mortgage were executed in his presence, and the presence of two witnesses. Mr. Dell was then handed a paper which he identified as the mortgage executed by the defendant and it was offered in evidence, to which the defendant objected that it was immaterial, irrelevant and not germane to this suit. Mr. Dell further testified that no part of the principal or interest of the note and mortgage

had been paid, and that he employed counsel to take legal proceedings for collecting the note.

Mrs. Minnie Marcionny was examined on interrogatories before a notary public by agreement subject to objections to the relevancy, competency and materiality of her testimony. She testified that in 1906, she lived in Alachua county; that her name was then Minnie Thigpen, and since then she had married; that she was called on to witness the mortgage sued on by S. C. Dell, and did so, and that S. C. Dell, Mr. Spencer, Mr. Farris were present. The note and mortgage filed show that she and W. A. Farris witnessed them both. When the case came on for final hearing the defendant insisted on objections 1, 2, and 3 to the interrogatories, note and mortgage. Objections 1, 2 and 3 to the note are based on the fact that the mortgage is made to Dell and Jordan and not to "orator S. C. Dell," and "said mortgage is not the mortgage described in the bill and suit on hearing, and the note described in the bill is not the note attached to the bill, nor the one offered in evidence nor described in the mortgage. As to objections No. 3 on page 4 our objections well taken because the mortgage attached to the bill is a different mortgage from the one described in the bill and the laws of Florida require the original or a certified copy of the mortgage to be attached to the bill. The mortgage so attached is made to Dell and Jordan, and the mortgage described in the bill is described as 'By chattel mortgage conveyed to your orator,' and orator is described as S. C. Dell in the bill."

The foregoing are the objections and only objections to the testimony presented to the circuit judge as shown by the record. He overruled the objections and entered a final decree of foreclosure in favor of the complainant Dell, who is the appellee here, and from this decree an appeal was taken.

The only assignment of error argued here is that the court erred in overruling defendant's objection to the introduction of the mortgage in evidence. The only objection now urged is that the mortgage describes the note, the payment of which it was made to secure, as dated the 19th of February, *1896*, whereas the note is dated 19th of February, 1906. It is contended in the brief filed by appellant that this objection was pointed out in the answer and that no effort was made to show that the date written in the mortgage was a mistake. We have read the answer carefully and no such specific objection is to be found in it. The only reference in the answer to the mortgage is as follows: "2nd. That he denies that he ever made a mortgage to secure the payment of said note as stated in the bill."

The only specific objection to the mortgage urged before the circuit judge on final hearing is that the bill alleges the mortgage to have been given to "your orator," whereas it was given to Dell and Jordan. So that so far as we can discover the objection that the mortgage describes the note as dated February 19th, 1896, is made here for the first time.

This court in Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95, laid down this rule: "No objection will be allowed to be taken in the appellate court to the admissibility or competency of any testimony oral or documentary found in the record as evidence in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, or before the final hearing." In Sims v. State, 54 Fla. 100, 44 South. Rep. 737, this court holds that "general objections to the admission of evidence without stating any grounds of objection will not avail unless the evidence is not admissible under any circumstances." It is also held in that case and others therein cited, that where

objections to the admission of evidence at a trial are stated to be upon, and are confined to particular grounds, no other ground of objection will ordinarily be considered by the appellate court.

If the specific objection to the mortgage urged here had been made in the circuit court it is entirely probable that the court would have permitted the complainant to amend his bill alleging the mistake in the date of the note as given in the mortgage, and praying a reformation thereof as well as a foreclosure. It is said in Story's Equity Pleading (10th ed.) section 883: "As, in courts of equity, mispleading in matter of form is never allowed to prejudice any party, the real and substantial merits of the case are always looked to. * * * For the court will, upon the discovery of any errors of this sort, allow an amendment of them; or will wholly overlook them at the hearing, as waived. * * * In many cases, also, courts of equity will allow substantial defects to be amended, if the cause is in such a stage, as that they can be properly amended." In section 884 it is said that the plaintiff will be allowed amendments to correct mistakes. See the full discussion in the text, and Fletcher's Equity Pl. & Pr. §378 *et seq.*

The testimony of the complainant clearly shows that the mortgage and note were executed at the same time and attested by the same witnesses, and that the mortgage was intended to secure the payment of the identical note described in the bill. Under these circumstances we find no reversible error in the record.

The decree of the circuit court is affirmed at the cost of appellant.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.