FLORIDA RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. HUGH L. FOX, *et al.*, PARTNERS UNDER FIRM NAME OF FOX BROS. & CO., *Defendants in Error*.

Opinion Filed April 21, 1914.

In an action on an account stated, it is material error to direct a verdict for the plaintiffs where no account is put in evidence

and there is no evidence that the one who received or accepted or adjusted the account was authorized to do so for the defendant.

Writ of Error to Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment reversed.

*John F. Harrell*, for Plaintiff in Error;

*L. E. Roberson*, for Defendants in Error.

WHITFIELD, J.—The amended declaration filed by Fox Bros. & Co. against the corporation contains a special count in assumpsit and also a common count for an account stated in $257.54 and interest. Pleas of never was indebted and never promised as alleged were filed. The following is certified by the judge to be all the evidence introduced in the trial:

"I am counsel for the plaintiff in this cause. This account was sent me by the plaintiff several months before I instituted suit. I presented this account to Mr. Frank Drew, President, Florida Railway Company, twice before I brought suit. Mr. Drew looked over the items and said the account was all right. The account is for $257.24, but he said the company was a little hard pressed at that time and asked me to wait on him a little while. That the account would be paid, and I did wait several months before bringing suit.

"I do not know whether Mr. Drew is President of Florida Railroad Company or not, except by general reputation. I have never seen the minutes of the company, but he has a general oversight and supervision down there. I do not know whether he is a Director or not. I do not

know whether he looks after the buying for the company
or not. Of course, I have not seen the minutes of the
meeting and I do not know just what authority he has
other than by general reputation. I do not know whether
he is a stockholder or not, but I think he told me one time
several years ago that he and Geo. Drew owned the Flor-
ida Railroad. I presented the statement to Mr. Drew
here in town. On one occasion I think down on the corner
of Worth Stephens' store. I did not present it to him in
the office of the company."

At the conclusion of the testimony the court denied a
motion for a directed verdict in favor of the defendant,
and on motion of the plaintiffs directed a verdict for the
plaintiffs to which the defendant excepted. The jury re-
turned a verdict for the plaintiff for $257.24 and interest.
Judgment was entered on the verdict and a motion for
new trial having been denied, exception was noted and a
writ of error was taken by the defendant.

There is no evidence whatever to sustain the first count
of the declaration. While there is evidence that the ac-
count is for $257.24 no account was put in evidence. The
witness testified that he "presented this account to Mr.
Frank Drew, President, Florida Railway Company, twice
before I brought suit. Mr. Drew looked over the items
and said the account was all right." The witness also tes-
tified that he did "not know whether Mr. Drew is Presi-
dent of Florida Railroad Company or not, except by gen-
eral reputation." "He has a general oversight and super-
vision down here." "I do not know whether he looks after
the buying for the company or not." "I do not know what
authority he has other than by general reputation." "I
presented the statement to Mr. Drew here in town. On
one occasion I think down on the corner of Worth
Stephens' store. I did not present it to him in the office

of the company." Though the account was referred to, it does not appear to have been introduced in evidence as a basis for evidence that it was in fact and in law a stated account. See 1 Standard Ency. Pro. p. 252. There is no evidence of Mr. Drew's actual or apparent authority to charge the company with the claim as an account stated. The testimony that "he has a general oversight and supervision down here," does not fairly justify an inference that Mr. Drew was authorized to receive and adjust the account for the defendant company. See Missouri P. Ry. Co. v. Coombs, 71 Mo. App. 299; Jacksonville M. P. Ry. & Nav. Co. v. Warriner, 35 Fla. 197, 16 South. Rep. 898; Daytona Bridge Co. v. Bond, 47 Fla. 136.

There was material error in directing a verdict for the plaintiff, and such error affects substantial rights of the defendant.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.