BLUE LAKE CELERY COMPANY, A CORPORATION, *Plaintiff in Error,* v. PEYTON-LOFBERG LIVE STOCK COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed December 15, 1923.

A judgment rendered under common counts will be reversed when the reasonable value of work done and material furnished is not proven and an account stated is not shown by the evidence, these two common counts being relied on as bases for recovery.

A Writ of Error to the Circuit Court for Volusia County; James W. Perkins, Judge.

Reversed.

*Landis, Fish & Hull* and *Erskine W. Landis,* for Plaintiff in Error;

*Scarlett & Jordan,* for Defendant in Error.

PER CURIAM.—In an action of assault on common counts judgment for the plaintiff was rendered upon the theory that a recovery should be had upon the common counts for "work done and material furnished by the plaintiff for the defendant at its request," and for "money found to be due from the defendant to the plaintiff on accounts stated between them." The defendant took writ of error.

If it be conceded that the evidence shows particulars of work done and material furnished by the plaintiff for the defendant. at its request, there is no substantial or appreciable evidence as to the reasonable value of such work and material which is essential under the common count; and there is no sufficient showing of an account stated between the parties under circumstances in evidence that would bind the defendant corporation for an account stated under the common count, therefore the judgment is erroneous, and is hereby reversed. See Smith v. Westcott, 34 Fla. 430, 16 South. Rep. 332; Withers v. Sandlin, 44 Fla. 253, 32 South. Rep. 829; Dayton Bridge Co. v. Bond, 47 Fla. 136, 36 South. Rep. 45; Martyn v. Amold, 36 Fla. 446, 18 South. Rep. 791; Jacksonville, M. P., Ry. & Nav. Co. v. Warriner, 35 Fla. 197, 16 South. Rep. 898; United Hardware-Furniture Co. v. Blue, 59 Fla. 419, 52 South. Rep. 364; Florida R. Co. v. Fox, 67 Fla. 367, 65 South. Rep. 224.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.