MCDONALD, PARKER LEE, Associate Judge.
Appellant filed a suit against the appel-lees claiming a breach of express warranty, implied warranty and negligent design of dragline machinery, related equipment and materials which had been sold and serviced by Mason and designed and manufactured by Northwest.
The trial judge granted a summary judgment for the appellees. His basis for doing so was stated in his order:
“In view of the undisputed fact that FERNCREST knew that the crane was insufficient, retained it nonetheless, used it, and allowed damages to accumulate for a period of nearly three years, the Court finds as a matter of law that the plaintiff did not within a reasonable time avail itself of the remedies furnished to it by the law, and that by operation of the law it acquiesced in the quality and performance of the crane.”
Such a finding is sufficient to bar an action for rescission. It would also bar an action for damages if no notice of defects were given the seller. 28 Fla.Jur., Sales, § 229. The record discloses however, that the buyer contends that he complained of the equipment purchased, discussed it with the defendant and changes and adjustments were made over a prolonged period of time. There is clearly an issue of fact of whether notice of defects was given to the seller and thereby a protest of the quality of the item purchased.
It is true that the delay in instituting the suit, keeping the equipment and having repairs and adjustments made, may have barred an action for rescission since the parties cannot be placed in the same position. Lang v. Horne, 1945, 156 Fla. 605, 23 So.2d 848. This does not preclude an action for damages. See McKay v. Lane, 1853, 5 Fla. 268; Hancock v. Tucker, 1859, 8 Fla. 435, 436.
The trial judge erred in granting the summary judgment.
The trial judge also granted a judgment for the defendant on a counterclaim for goods sold and delivered. In the event the plaintiff recovers a verdict against the defendants-appellees, it would be entitled to set-off of the counterclaim of the appellees. Therefore, the judgment for the appellees on their counterclaim is reversed.
The cause is reversed for further proceedings.
CROSS, C. J., and McCAIN, J., concur.