## BOYNTON V. FAULK COUNTY.

1. No averment that a demand was made is necessary where a complaint states facts otherwise sufficient to constitute a cause of action in plaintiff's favor against a county, under section 1629 of the Compiled Laws, and alleges that the money sought to be recovered was paid for land sold at tax sale by the wrongful act of the treasurer.

2. Complaint examined, and sustained, as against a demurrer upon the ground that the same does not state facts sufficient to constitute a cause of action.

(Syllabus by the Court.   Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Faulk county.   Hon. LORING E. GAFFY, Judge.

Action to recover money paid for a tax certificate.   Judgment for plaintiff, and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*J. H. Bottum,* for appellant.

A county is not liable for the wrongful acts of its officers unless made so by statute.   Marquette v. Treas., 13 N. W. 609; Township v. County, 12 N. E. 305; 4 Am. and Eng. Ency. L. 367. A purchaser of land at tax sale cannot recover amount paid by him from the county in case his title fails, unless the right to do so is given by statute.   Cooley Tax, 475; Desly Tax, 850; 2 Blackwell Tax Titles, 994; State v. Casteel, 11 N. E. 219; Budge v. City, 47 N. W. 390; Tyler v. Cass, 48 N. W. 232; Comm. v. Gray, 7 N. W. 232.

All reasonable presumptions must be made in favor of the regularity and validity of the acts of public officers and tribunals. Tamler v. Lucas, 29 Wis. 376; Howard v. City, 33 Wis. 309; State v. Prince, 45 Wis. 610; Collins v. Valleau, 44 N. W. 904; Phillips v. Sioux Falls, 59 N. W. 881, 5 S. D; 524.

In a suit to reform a deed, on the ground of mistake, the complaint must allege distinctly what the original agreement was and point out with clearness wherein there was a mistake.   Maier v. Kelley, 25 P. 73; Hiland v. Hiland, 23 Id. 811; Anderson v.

Logan, 11 S. E. 361. Allegations that land is exempt from taxation states only a conclusion of law. Quincy v. Town, 33 Wis. 505; Johnson v. City, 21 Id. 184. Allegations that officer was duly removed is insufficient. State v. McGarry, 21 Wis. 496; State v. Messmore, 14 Id. 115.

In an action against an auditor for amount alleged to be due on a warrant the answer denied authority of officers to bind the city or issue the warrant held demurrable as stating only conclusions. Hintrager v. Ricter, 52 N. W. 188; Bowen v. Smith, 20 S. W. 101; Carpenter v. Ritchie, 28 Pac. 380; Naddo v. Bardon, 47 S. 782; Bateman v. Snoddy, 32 N. E. 327; Baker v. Hughes, 31 Pac. 423. Unless made so by statute, the acts of county officers are in no sense the acts of the county and they are in no sense the agents of the county. Township v. County, 12 N. E. 305; Terrelone v. Bachford, 12 P. 671; Crowell v. Senoria, 25 Cal. 313; Sherburne v. Yuba, 21 Id. 426; Hoffman v. Sonona, 21 Id. 113; Estep v. Keokuk, 18 N. W. 199; School v. Comm. 2 N. W. 877.

No brief filed by respondent.

Fuller, J. The complaint in this action, to which our attention is directed by an appeal from an order overruling a demurrer, interposed upon the ground that the same does not state facts sufficient to constitute a cause of action, is based upon section 1629 of the Compiled Laws, which provides that, "when by mistake or wrongful act of the treasurer land has been sold on which no tax was due at the time, the county is to save the purchaser harmless by paying him the amount of principal and interest at the rate of twelve per cent per annum from the date of sale, and the treasurer and his sureties shall be liable for the amount to the county on his bond, or the purchaser may recover the same directly from the treasurer." And it is in substance and effect alleged in said complaint that on the fourth day of November, 1889, the duly elected, qualified, and acting treasurer of the defendant county, after advertising the premises described therein, for the time and in the manner provided by statute for the sale of real estate for delin-

quent taxes, and upon an assertion and statement by said treasurer, made to plaintiff's assignor, that there were due and delinquent taxes lawfully assessed and levied upon said premises amounting to the sum of $59.48, all of which was a legal charge thereon, plaintiff's assignor, relying upon such representations, was induced to and did become a bidder at said tax sale, and a purchaser of said premises, for the sum of $59.48, all of which amount was then and there paid over to and received by the defendant through its treasurer, W. B. Monroe, who thereupon issued to said purchaser the usual certificate of tax sale; that, in truth and in fact, there were no taxes then due or delinquent against said land, and no taxes had been assessed or levied thereon, and the advertisment, sale, and issuance of a certificate of purchase to plaintiff's assignor, and the receipt of the money therefor by the defendant county, were through the mistake and wrongful act of its treasurer, W. B. Monroe. The complaint contains other counts of the same nature, pleaded in a similar manner; and judgment against the defendant and in plaintiff's favor, for the aggregate amount alleged to have been paid by plaintiff's assignor and received by the defendant in payment of taxes, and for land sold on which no taxes were due, by the wrongful act and mistake of its treasurer, was demanded, together with interest, costs, and disbursements.

As the statute requires no demand to be made upon the county before suit is instituted, and it is alleged that the money came into the possession of the defendant through the wrongful act of its treasurer, the case is brought within the general rule that no previous demand is required in a suit to recover money or other property wrongfully obtained; and the position assumed by counsel for appellant, that the complaint must show that a demand has been made upon the county for the amount claimed, is untenable. Paige v. O'Neal, 12 Cal. 483; Maxw. Code Pl. 533.

The specific objection to the complaint ingeniously urged in support of the demurrer relates to that which might become a proper subject of defense. The statute makes the county liable in the first instance to return to the purchaser, together with interest

from the date of its receipt, money paid for land at tax sale which has been, by mistake or wrongful act of the treasurer, sold when no tax was in fact due upon the same; and the averment that the land was neither assessed nor subject to taxation, and that no tax was due thereon, and that the same was sold for taxes by the mistake and wrongful act of the treasurer, constitutes a statement of material traversable facts, and not conclusions of law. Proof of such facts expressed, as they are, in plain and concise sentences, composed of words the meaning of which is well known and understood, would be sufficient to establish a *prima facie* case in plaintiff's favor against the defendant; and the complaint, therefore, as against the demurrer, was rightly sustained by the trial court, and the order from which the appeal was taken is affirmed.