E. H. PURDY AND A. ROSEDALE, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Objections to the admissibility of evidence must, as a general rule, be made when it is offered, or its admissibility can not be assigned as error.

2. In a criminal prosecution witnesses introduced on behalf of the State objected to answering certain questions propounded to them by the State on the ground that their answers would criminate them, but were required by the court to answer the questions. The defendants at the same time made no objection to the testimony and took no exceptions to the ruling of the court. *Held*, that the objection on part of defendants to the evidence for the first time in a motion for a new trial came too late to save the point.

Writ of Error to the Circuit Court for Leon County.

The facts of the case are stated in the opinion of the Court.

*Fred T. Myers*, for Plaintiffs in Error.

*William B. Lamar*, Attorney-General, for the State.

PER CURIAM.

Plaintiffs in error were indicted in the Leon Circuit Court for keeping and maintaining a certain house, place and room in the city of Tallahassee, Leon county, for the purpose of gaming and gambling, and for knowingly permitting therein gaming and gambling with cards at games of poker, and other games to the grand jury unknown, for money, and other things of value to said jurors unknown, and upon trial were convicted of the charge made against them. They sued out a writ of error and have filed in this court the following assignments of error, viz: 1. The court erred in compelling the witness James to answer the several questions propounded to him by the State Attorney, to the answering of which the witness objected on the ground that the answer thereto would tend to criminate himself, thereby compelling the witness to testify to matters prejudicial to the defendants. 2. The same assignment as the first, in compelling the witness Demilly to answer a question propounded to him. 3. The court erred in overruling defendants' motion for a new trial which, in addition to the above assignments, contained the grounds that the verdict was contrary to the evidence and to the law.

The bill of exceptions fails to show any objection on the part of defendants, ruling of the court thereon, or exception made or taken at the time of the admission in evidence of any testimony by the witnesses or either of them, mentioned in assignments one and two, drawn out by questions propounded to them, to the answering of which they objected on the ground that it would criminate themselves. It appears that the named witnesses objected to answering certain questions on the ground

that their answers would criminate them, and that the court required them to answer, but it is not shown that defendants objected at the time to the admission of such testimony and took exception to the court's ruling.

Some testimony was admitted over objections of defendants on other grounds than those insisted on here, and in one case where the witness claimed his privilege against testifying, counsel for defendants requested the court to specially instruct the witness as to his right of privilege and upon the refusal of the court to do so an exception was taken to the ruling. The court had prior to this time instructed the witness on the subject. As above stated, in no instance did the defendants object and take exception to the ruling of the court thereon at the time of the admission of any testimony given by said witnesses in reference to which they claimed any privilege.

It is properly shown that in a motion for a new trial defendants sought to raise the question of the right of the State to introduce testimony as to which an objection had been made by a witness on the ground that it would tend to criminate him, but this was too late. Under the rule prevailing in this State objections to the admissibility of evidence must, as a general rule, be made when it is offered, or its admission can not be assigned as error. Tuten v. Gazen, 18 Fla. 751; Garner v. State, 31 Fla. 170, 12 South. Rep. 638. Whether or not the privilege claimed by the witnesses James and Demilly were improperly denied by the court, and, if so, whether it was competent for the defendants to avail themselves of it as error in the trial, is not decided for the reason that timely and proper objections were not made to the admission of the evidence, and exceptions noted to the rulings of the court thereon.

The evidence, in our judgment, is sufficient to sustain the verdict, and the judgment must, therefore, be affirmed. It will be so ordered.