JAMES SCHLEY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Errors assigned and not argued will be treated as abandoned. Where one of the errors assigned is based upon the denial of

Schley v. State.—Syllabus.

defendant's motion to quash the indictment, and said motion consists of a number of grounds, an appellate court will consider only such grounds of the motion to quash as are argued.

2.  In preparing indictments the safer and better practice is to use the statutory words, but an indictment should not be quashed which substantially follows the statute, though the precise words thereof have not been used in the indictment.

3.  The word "unlawfully" conveys the same meaning as the words "without authority of law."

4.  It is the province of the trial court to determine whether or not a witness offered as an expert has such qualifications and special knowledge as to warrant his testifying as an expert, and the decision of such trial court is conclusive upon this point, unless it appears from the transcript to have been erroneous or to have been founded upon some error in law.

5.  Evidence of circumstances tending to connect the accused with the commission of the alleged crime, even though inclusive, is properly admitted.

6.  Objections to the admissibility of evidence must, as a general thing, be made when it is offered, or its admissibility can not be assigned as error. In a criminal prosecution an objection to a question after it has been answered comes too late.

7.  A trial judge in his discretion may permit leading questions to be propounded to witnesses, and in this State the exercise of this discretion is not reviewable by the Supreme Court upon writ of error.

8.  No error was committed in refusing to permit the defendant to propound a question to a State witness on cross-examination which was not in cross of anything brought out on the direct examination, especially when said question was also objectionable in other respects.

9.  This court can not consider any grounds of objections to the admissibility of evidence, except such as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, which grounds must appear in the bill of exceptions.

10.  Where the brief for plaintiff in error contains simply a bare statement that a ruling of the lower court is erroneous, no reason being given, no principles of law stated and no authority cited, an assignment of error based upon such ruling will be treated as abandoned for failure to argue the same, unless the

error complained of is so glaring or patent that no argument is needed to demonstrate it.

11. Evidence examined and found sufficient to support the verdict.

This case was decided by Division B.

Writ of error to the Circuit Court for Walton county.

The facts in the case are stated in the opinion of the court.

*A. G. Campbell* (with whom was *John F. Watson* on the brief) for the plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

SHACKLEFORD, J.—James Schley was indicted at the fall term, 1903, of the Circuit Court for Walton county, for the murder of Flora Schley, was tried at the same term of court, convicted, with a recommendation to the mercy of the court, and sentenced to imprisonment by confinement at hard labor in the State prison for the full period of his natural life. From the judgment and sentence he has sued out a writ of error from this court.

The indictment contained two counts, the first charging the defendant with the murder of the deceased by the administering of a certain deadly poisonous drug, to-wit, a certain lot of strychnine, and the second count charging the defendant with the murder of the deceased by the administering of an unknown deadly poisonous drug. However, as the jury found the defendant guilty as charged in the first count, it becomes unnecessary to consider the second count.

The first error assigned is based upon the denial of the defendant's motion to quash the indictment. Said motion contains ten grounds, but it is unnecessary to set them forth in detail, or to consider those which relate only to the second

count, or, indeed, any ground except the first, as that is the only ground argued. *McNish et al. v. State,* 47 Fla. 69, 36 South. Rep. 176; *Hoodless v. Jernigan,* 46 Fla. 213, 35 South. Rep. 656. The only argument made upon the first ground of said motion is that the first count in said indictment alleges that the poison was administered "without authority of law," while the statute employs the word "unlawfully." The contention of the defendant is that these are not synonymous terms and that the statute has not been substantially followed. This position is untenable. The same expression was used in the indictment in *Padgett v. State,* 40 Fla. 451, 24 South. Rep. 145, which indictment was held to be sufficient by the trial court upon a motion to quash and said ruling sustained by this court, though the same attack was not made upon said indictment as in the case at bar. In preparing indictments the safer and better practice would be to use the statutory words, but we fail to see wherein the words "without authority of law" and the word "unlawfully" convey any different idea or meaning.

The second error assigned is that "The court erred in permitting the witness, D. H. Simmons, to testify as an expert as to the manner in which strychnine produces death, it not having been shown that he was qualified to testify as an expert." We find no merit in this assignment. See *Davis v. State,* 44 Fla. 32, 32 South. Rep. 822, to the effect that it is the province of the trial court to determine whether or not a witness offered as an expert has such qualifications and special knowledge as to warrant his testifying as an expert, and the decision of such trial judge is conclusive upon this point, unless it appears from the evidence to have been erroneous or to have been founded upon some error in law. The evidence discloses that the witness was a physician and druggist, was a graduate of a medical college, had practiced medicine for a period of ten years, had studied poisons and their effects and that he subscribed for, read and studied medical journals which treated of the effect of poisons upon the human system. We discover no error

in the ruling of the trial court in permitting the witness to testify as to how strychnine produces death. *Eggart v. State,* 40 Fla. 527, text 536, 25 South. Rep. 144.

The third assignment is that "The court erred in admitting in evidence the three bottles purporting to contain pellets, quinine and strychnine respectively, the same not having been proven to be the bottles sold by Dr. Simmons to the defendant and it not having been shown that either of the bottles contained poison." In disposing of this assignment it is sufficient to say that the bottles were sufficiently identified by the witness to warrant the court in admitting them in evidence, and later on in the trial they were further identified and connected with the case, being a circumstance tending to connect the defendant with the crime of which he stood accused. *Gantling v. State,* 40 Fla. 237, 23 South. Rep. 857.

The fourth assignment is based upon the ruling of the trial court in permitting the witness, Dr. Simmons, to testify as to the effects of strychnine mixed with quinine. We might dispose of this assignment by stating that the record discloses the fact that the objection to the question was interposed *after* the witness had answered the question. The objection came too late. As was said in *Downey v. State,* 115 Ala. 108, 22 South. Rep. 479, "A party can not speculate on the answer of a witness responsive to a question, and claim the benefit of it if favorable, and discard it if prejudicial." *Lewis v. State,* 121 Ala. 1, 25 South. Rep. 1017; *Jarvis v. State,* 138 Ala. 17, 34 South. Rep. 1025. As was said in *Purdy v. State,* 43 Fla. 538, 31 South. Rep. 229, "Objections to the admissibility of evidence must, as a general thing, be made when it was offered, or its admissibility can not be assigned as error." No motion was made to strike out the answer. *Ortiz v. State,* 30 Fla. 256, 11 South. Rep. 611. However, we fail to see wherein the question was objectionable or harmful to the defendant, because it had already been shown that the defendant had purchased

at the same time from the witness both quinine and strychnine.

The fifth assignment is that "The court erred in allowing State's Attorney to lead the witness, Nancy Williams, in interrogating her as to whether anything was given deceased to drink." No error is made to appear here. "A trial judge in his discretion may permit leading questions to be propounded to witnesses, and in this State the exercise of this discretion is not reviewable by the Supreme Court upon writ of error." *Myers v. State,* 43 Fla. 500, 31 South. Rep. 275. Moreover, the answer of the witness could not have been harmful to the defendant in any way.

The sixth assignment is based upon the refusal of the court to permit defendant, upon cross-examination, to ask Nancy Williams, a State witness, as to what, if anything, deceased had ever said to her about dying. No error was committed here. The question was not in cross of anything brought out in the direct examination and was objectionable in other respects. The trial court in sustaining the objection informed the defendant that he could introduce the witness in his own behalf, if he liked, and interrogate her along that line.

The seventh assignment is that "The court erred in permitting witness, P. W. Richardson, to testify as to the statements made to him by defendant as to jealousy of his wife prior to her death." No grounds of objection to this question are stated in the bill of exceptions, and hence we can not consider the assignment. *Markey v. State,* 47 Fla. 38, 37 South. Rep. 53; *Hoodless v. Jernigan,* 46 Fla. 213, 35 South. Rep. 656. This also disposes of the ninth assignment, which is defective in the same manner.

The eighth and tenth assignments are abandoned and the eleventh is not argued, so must be considered abandoned. *Hoodless v. Jernigan, supra; Thomas v. State,* 36 Fla. 109, 18 South. Rep. 331.

The twelfth assignment is that "The court erred in admitting in evidence a bottle of crystalized strychnine." We

find no error here, and what we have said in disposing of the third assignment is applicable to this assignment also.

The thirteenth assignment is that "The court erred in allowing witness, D. H. Simmons, to testify as an expert as to the analysis of the contents of the stomach of the deceased, it not having been shown that he was competent to testify as such." The authorities cited by us in treating of the second assignment apply with equal force here and are adverse to the contention of the defendant, and this applies likewise to the sixteenth assignment.

The fourteenth assignment is abandoned.

The seventeenth and last assignment is based upon the denial of defendant's motion for a new trial. This motion contains sixteen grounds, all of which we have carefully considered and have failed to find any reversible error therein. Many of the grounds were considered in disposing of the other assignments. The remaining grounds question the correctness of the charges of the court and the sufficiency of the evidence. No reversible error is pointed out to us in any of the charges and we fail to discover in the bill of exceptions any charge requested by the defendant and refused by the court. We are of the opinion that the evidence was sufficient to warrant the jury in returning a verdict of guilty and must refuse to disturb it.

The judgment must be affirmed, and it is so ordered.

CARTER, P. J., and WHITFIELD, J., concur.

TAYLOR, C. J., and COCKRELL and HOCKER, JJ., concur in the opinion.