### WROCLAWSKY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1910.)

#### No. 1,655.

1. COUNTERFEITING (§ 16*)—MAKING DIES OR MOLDS—INDICTMENT.

An indictment under the first clause of Act Feb. 10, 1891, c. 127, 26 Stat. 742 (U. S. Comp. St. 1901, p. 3686), which makes it a criminal offense to make any die, hub, or mold in the likeness of any die, hub, or mold designed for the coining of any of the coins of the United States "without authority from the Secretary of the Treasury," must aver the want of such authority, and a general averment that the die, hub, or mold was "unlawfully and feloniously" made by defendant is not sufficient.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. §§ 23–37; Dec. Dig. § 16.*]

2. CRIMINAL LAW (§ 984*)—SENTENCE—CONVICTION ON DIFFERENT COUNTS.

Where a general verdict of guilty is returned under an indictment containing a number of counts charging separate offenses, some of which are good and some not, judgment should be entered only on the good counts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2504–2509; Dec. Dig. § 984.*]

In Error to the District Court of the United States for the Northern District of Illinois.

Leo Wroclawsky, alias Leo Klemens, was convicted of a criminal offense, and brings error. Remanded for correction of judgment.

Thomas D. Knight, Frank R. Reid, and Elwood G. Godman, for plaintiff in error.

Edwin W. Sims, U. S. Atty., and Seward S. Shirer, Asst. U. S. Atty.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. Section 1, of the Act of February 10, 1891 (chapter 127, 26 Stat. 742 [U. S. Comp. St. 1901, p. 3686]),

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

makes it punishable to make any die, hub or mold, in the likeness of the design, or inscription of any die, hub or mold designated for the coining of the coins of the United States, or to willingly aid or assist therein, or to cause or procure the same to be made, "without authority from the Secretary of the Treasury of the United States or other proper officer."

The same section, in a subsequent clause, makes it punishable to have in one's possession any such die, hub or mold "with intent to fraudulently or unlawfully use the same, or permit the same to be used for or in aid of the counterfeiting of any of the coins of the United States."

Plaintiff in error was indicted in four counts, the first two under the clause of the statute first recited, and the second two under the second clause of the statute recited. In neither of the first two counts is it charged that the making of the die, hub or mold was without authority from the Secretary of the Treasury of the United States. But it is charged that the mold, die or hub was "unlawfully and feloniously" made, and it is urged upon us that the use of these words, "unlawfully and feloniously" are the equivalent of "without authority from the Secretary of the Treasury" upon the authority of State v. Taylor, 7 S. D. 533, 64 N. W. 518; Schley v. State, 48 Fla. 53, 37 South. 518.

Unquestionably, where the words used in the indictment include the offense charged, notwithstanding the fact that the offense is not charged in the language of the statute, a verdict will not be set aside upon the ground that the indictment fails to state an offense; and without doubt, too, the word "unlawfully" would include that element of an offense expressed in the phrase "without authority of law." And this is all that is decided in State v. Taylor and Schley v. State, supra. But is "unlawfully" or "feloniously" either inclusive of, or the equivalent of "without authority from the Secretary of the Treasury," as used in the statute? We think not. "Without authority from the Secretary of the Treasury" is, we think, broader than "unlawfully" or "without authority of law;" for one might have the authority of the Secretary of the Treasury and still be without the authority of law, because the Secretary of the Treasury himself might be without authority of law in granting the permission. Indeed, "authority," as the word is here used, is not what the Secretary of the Treasury had the power to grant, but what he purported to grant. And though "feloniously" implies intent, it is intent only to commit the crime set forth, and does not supply the omission where, by omitting some element other than intent, no crime is set forth.

But the second two counts charge that plaintiff in error "unlawfully and feloniously had in his possession, with the intent to fraudulently and unlawfully use the same," certain dies, hubs and molds for making and forging counterfeit coin of the United States—a charge that clearly falls within the second clause of the statute. Two of the counts, therefore, state an offense under the statute and two fail to state an offense under the statute. The verdict was a general verdict of guilty upon the four counts. No question was raised except upon the sufficiency of the indictment upon a motion in arrest of judgment.

The case thus falls within Ballew v. United States, 160 U. S. 187, 16 Sup. Ct. 263, 40 L. Ed. 388, which requires that the general judgment rendered by the Court below should be reversed and the cause remanded to that Court, with instructions to enter judgment upon the third and fourth counts of the indictment, and for such proceedings with reference to the first and second counts as may be in conformity with the foregoing opinion.

And it is so ordered.