JOHN BOWMAN v. STATE.

152 So. 739.
Division A.
Opinion Filed February 19, 1934.

*Daniel P. Galen,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—John Bowman brings error to this Court from a conviction of manslaughter alleged to have been committed by him on the person of one Tom Hayes at a negro "jook" in Princeton, Florida, a small place in Dade County, on February 12, 1933. The testimony is conflicting, but we find it is amply sufficient to warrant the finding of the jury based on it to the effect that the homicide charged was unlawfully committed by Bowman's shooting Hayes with a pistol, as the result of an altercation arising while the two were gambling at the same table.

A killing is not justifiable or excusable if the defendant brought about the necessity therefor through his own wrongful act or without being reasonably free from fault in provoking the difficulty in which the killing occurred. Lovett v. State, 30 Fla. 142, 11 Sou. Rep. 550, 17 L. R. A. 705; Ballard v. State, 31 Fla. 266, 12 Sou. Rep. 865; Padgett v. State, 40 Fla. 451, 24 Sou. Rep. 145.

Where the issue of who was the aggressor, and the causation of the killing in the course of a mutual combat, is presented for determination on conflicting evidence, it is for the jury to decide whether or not under the circumstances shown in evidence the homicide was justifiable or excusable under the law relating to the right of self defense, and the jury's finding on that score will not be disturbed by an appellate court.

The Court has carefully read the transcript of the evidence in this case, and while it is observed that the State's proof of the date of the commission of a homicide and of the venue, was not made in such clear, direct and positive terms as could have been done, yet there is, nevertheless, in the record as a whole, a sufficient demonstration that deceased was killed on or about the date alleged in the information, and that the killing was done in Princeton, a small community which the jury and the court below must have known from the evidence, as a matter of common knowledge deducible from it, was situate only in Dade County, Florida.

Venue need not be established beyond a reasonable doubt in a criminal case. A violent presumption arising from the evidence sustaining the venue as alleged, is sufficient. Lowman v. State, 80 Fla. 18, 85 Sou. Rep. 166.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.